UNION PAC. RY. CO. *v.* DENVER & R. G. R. CO. *et al.*

(*Circuit Court, D. Colorado.* January 5, 1889.)

COURTS—FEDERAL COURTS—INJUNCTION—AGAINST STATE COURT.

A circuit court will not restrain the exercise of a right, acquired by regular condemnation proceedings in a state court, to extend one railroad across another, where the complaining company, citizen of another state, has the possession and management of the road over which the right of way was condemned, by virtue of its ownership of a majority of the stock, since, if not bound, as a stockholder, by the decree of the state court, it could have made itself a party to those proceedings for the protection of its rights.

In Equity. On motion to discharge preliminary injunction.
*Teller & Orahood*, for complainant.
*Wolcott & Vaile*, for defendants.
Before BREWER and HALLETT, JJ.

BREWER, J. In reference to the case of the Union Pacific Railway Company against the Denver & Rio Grande Railroad Company, and the Denver, Clear Creek & Western Railway Company, which was argued before us yesterday, we are both of the opinion that the restraining order must be set aside. The Union Pacific Railway Company is not a lessee of the South Park road; probably could not, under your statutes, be one. It is a stockholder, owns a majority of the stock, and by virtue of that ownership controls the South Park, and has obtained for itself the possession and management of the latter's line of railway. As stockholder it is absolutely concluded by the proceedings in the state court. Whether that does not conclude it altogether as to all its rights or claims, may be doubtful; but, assuming that it does not, and that as a party in possession it might properly be made a party to these condemnation proceedings, then we have a case in which the Denver, Clear Creek & Western Railway Company has proceeded in the state court in full compliance with all the requirements of the state statute, making all parties whose interests appear of record parties to that proceeding, and has obtained a decree of condemnation. Now, this condemnation of a right of way is an act of sovereignty, and the proceedings for it are, in a certain sense, *quasi in rem,*—at least, until you come to the question of the assessment of damages,—and while it may be that this court would have jurisdiction in case a party, citizen of another state, whose rights were not apparent of record, was grossly wronged by condemnation proceedings,—I do not say it would or would not have such jurisdiction,—but if it does, it should be a very clear case, one in which the substantial rights of such party are seriously threatened, before this court should interfere when proceed-

ings have been carried to consummation in the state court. It would be unfortunate if proceedings could run in two courts,—in the one court a right of surface crossing being awarded, and in the other a decree forbidding surface crossing,—two independent and contradictory decrees of different tribunals in reference to the same matter; that is, the matter of crossing. And as the state court has unquestionable jurisdiction, as the proceedings have been in strict compliance with the statute, as they have passed into decree, as the Union Pacific Company could have made itself a party to that record, and have insisted upon its rights, even if it was not absolutely bound by that decree by virtue of its being a stockholder, we think it would not be proper for this court to continue the restraining order. We therefore set it aside.

HALLETT, J., concurring.